■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY D'ANNA, Appellant. (Appeal No. 1.)—Judgment unanimously modified on the law and as modified affirmed, in accordance with the following memorandum: The evidence supports defendant's convictions of larceny by false promise. The facts and circumstances proven were wholly consistent with guilty intent or belief and they excluded to a moral certainty every hypothesis except that of defendant's intention or belief that his promises would not be performed (see, Penal Law § 155.05 [2] [d]). The facts proven show more than nonperformance of promises; they show that, at the time defendant made the promises, he could not have believed that they would be performed. Defendant promised the investors an inordinately large profit, yet he knew that the business was not being operated at a profit and it could never yield profits as great as those promised. At the same time that the business was being operated without a profit, defendant withdrew money from the business for his own use. From all of the evidence, the conclusion is inescapable that defendant was engaged in a fraudulent scheme to deprive investors of their money by making promises of unrealistically high profits, which he knew could not be attained (see, *People v Luongo,* 47 NY2d 418).

The court erred, however, in directing that the sentence

upon the conviction for scheme to defraud in the first degree run consecutively to the sentences upon the convictions for grand larceny in the second degree. Concurrent sentences must be imposed where "two or more offenses [are] committed through * * * an act or omission which in itself constituted one of the offenses and also was a material element of the other" (Penal Law § 70.25 [2]). A material element of scheme to defraud involves obtaining property from 10 or more persons by false or fraudulent pretense or promises (see, Penal Law § 190.65 [1]). The convictions for grand larceny in the second degree were based on proof of larceny by false promise. Because the two crimes, as proven, have an element in common, the sentence imposed on the conviction for scheme to defraud in the first degree must run concurrently with the sentences imposed on the convictions for grand larceny in the second degree.

We find no merit to the other arguments contained in defendant's main brief and in his supplemental *pro se* brief. (Appeal from judgment of Supreme Court, Erie County, Marshall, J.—scheme to defraud, first degree.) Present—Boomer, J. P., Pine, Balio and Davis, JJ.