■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANDRA MONTEL, Also Known as JOANN MILLER, Also Known as BARBARA SPECTOR, Appellant. [704 NYS2d 462] —Judgments, Supreme Court, New York County (Rena Uviller, J.), rendered August 14, 1997, convicting defendant, upon her pleas of guilty, under indictment number 12930/94, of two counts of criminal possession of stolen property in the fourth degree, and one count each of assault in the third degree and grand larceny in the fourth degree, and sentencing her, as a second felony offender, to consecutive terms of 2 to 4 years on the stolen property convictions to run concurrently with terms of 1 year and 2 to 4 years, respectively, on the remaining convictions; under indictment number 5223/95, of two counts of grand larceny in the fourth degree and one count of jostling, and sentencing her, as a second felony offender, to consecutive terms of 2 to 4 years

on the grand larceny convictions to run concurrently with a term of 1 year on the jostling conviction; and under indictment number 5344/97, of forgery in the second degree and criminal possession of stolen property in the fourth degree, and sentencing her, as a second felony offender, to concurrent terms of 3½ to 7 years and 2 to 4 years, with the groups of sentences under all indictments to run concurrently with each other, unanimously modified, on the law, to the extent of vacating the sentences and remanding for resentencing on all counts in accordance with this decision, and otherwise affirmed.

As the People correctly concede, the sentencing court unlawfully imposed consecutive sentences for defendant's convictions on two counts of grand larceny, and two counts of criminal possession of stolen property, respectively, in the absence of evidence that defendant's acts were separate and distinct as to each count in the respective indictments. Accordingly, concurrent sentences must be imposed for each of those pairs of convictions. However, we perceive no abuse of sentencing discretion with respect to the negotiated aggregate term of 4 to 8 years. Therefore, we remand for resentencing as to all counts so that the court may lawfully restructure the sentences, in its discretion, provided that the aggregate term does not exceed the negotiated term of 4 to 8 years (*see, People v Williams*, 87 NY2d 1014). Concur—Sullivan, P. J., Nardelli, Wallach, Lerner and Buckley, JJ.