■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FABIAN ROMAIN, Appellant. [733 NYS2d 195] —Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Robinson, J.), rendered December 17, 1997, convicting him of murder in the first degree (two counts) and murder in the second degree, upon a jury verdict, and sentencing him to consecutive indeterminate terms of 25 years to life imprisonment on each of the convictions of murder in the first degree, and an indeterminate term of 25 years to life imprisonment on the conviction of murder in the second degree to run concurrently with the terms of imprisonment imposed on the convictions of murder in the first degree, and (2) an amended sentence of the same court (Braun, J.), imposed December 4, 2000, modifying the sentences imposed on the convictions of murder in the first degree to run concurrently with each other and consecutively to the sentence imposed on the conviction of murder in the second degree.

Ordered that the judgment is affirmed; and it is further,

Ordered that the amended sentence is modified, on the law, by providing that all of the terms of imprisonment imposed shall run concurrently with each other; as so modified, the amended sentence is affirmed.

During the course of a burglary, the defendant stabbed Ettie Tomkinson and Donald Portelli, both of whom ultimately died from their wounds. After a jury trial, he was convicted of two counts of murder in the first degree for the killing of Tomkinson, and one count of murder in the second degree for the killing of Portelli. He was originally sentenced to consecutive indeterminate terms of 25 years to life imprisonment on each of the convictions of murder in the first degree, which were to run concurrently with an indeterminate term of 25 years to life imprisonment on the conviction of murder in the second degree.

The defendant subsequently moved pursuant to CPL 440.20

to vacate the consecutive sentences imposed on the convictions of murder in the first degree, contending that he could not be sentenced consecutively for offenses which were founded on the same act, the killing of Tomkinson. The Supreme Court granted the motion, and modified the sentences imposed on the convictions of murder in the first degree to run concurrently with each other, but directed that those sentences run consecutively to the sentence imposed on the conviction of murder in the second degree.

CPL 430.10 provides that "[e]xcept as otherwise specifically authorized by law, when the court has imposed a sentence of imprisonment and such sentence is in accordance with law, such sentence may not be changed, suspended or interrupted once the term or period of the sentence has commenced." The Supreme Court's original direction that the sentence imposed for murder in the second degree was to run concurrently with the sentences imposed for the two counts of murder in the first degree was legal. However, the defect or illegality was in directing the sentences imposed for the two counts of murder in the first degree to run consecutively to each other. Once that illegality was successfully challenged by the defendant in his motion pursuant to CPL 440.20, there was no other defect to rectify (*see, People v Yannicelli,* 40 NY2d 598). Therefore, the Supreme Court lacked any statutory or inherent authority to modify the already-commenced legal concurrent sentence imposed for murder in the second degree so as to direct that it run consecutively to the now concurrent sentences for the two counts of murder in the first degree (*see, People v Vasquez,* 88 NY2d 561, 580-581; *Matter of Kisloff v Covington,* 73 NY2d 445; *People v Yannicelli, supra*; *People v Remelt,* 269 AD2d 815).

In light of the foregoing, it is unnecessary to address the defendant's other contentions regarding the sentence.

The defendant's remaining contention is without merit. Altman, J. P., Krausman, Goldstein and Crane, JJ., concur.