■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL DAVIS, Appellant. [784 NYS2d 536]—

Judgment of resentence, Supreme Court, New York County (James Yates, J.), rendered November 12, 2002, convicting defendant, after a jury trial, of three counts of assault in the second degree, one count of reckless endangerment in the first degree and one count of grand larceny in the fourth degree, and sentencing him, as a second violent felony offender, to three consecutive sentences of 7, 5 and 5 years for the assault convictions, 3½ to 7 years for reckless endangerment and 2 to 4 years for grand larceny, with the latter sentences to run concurrently with the sentences for the assault convictions, unanimously modified, on the law, by providing that the sentences imposed on the first two assault convictions run concurrently with each other and with those imposed on the reckless endangerment and grand larceny convictions and that the sentence on the third assault conviction run consecutively to these sentences, and, as so modified, affirmed.

Two of the assaults of which defendant was convicted arose from defendant's head-on collision with a marked police car in which two officers were injured. The third assault conviction arose from injuries sustained by a third police officer in the

ensuing struggle. On resentence,* the court ordered the three assault sentences to run consecutively, with the sentences for reckless endangerment and grand larceny to run concurrently to the sentences for the assault charges. As the People concede, the sentences imposed for the two assault convictions for injuries sustained by the police officers as a result of defendant's collision with the police car cannot run consecutively to each other since they arose out of the same act (*see* Penal Law § 70.25 [2]; *People v Ramirez*, 89 NY2d 444, 452 [1996]). Accordingly, we modify to direct that those sentences run concurrently with each other and with the sentences for reckless endangerment and grand larceny. The sentence for the third assault conviction is to run consecutively to the other sentences, as originally imposed. Since the aggregate sentence is consistent with the intent of the resentencing court, we see no need for a remand (*see People v Lawrence*, 130 AD2d 383 [1987]; *see also People v LaSalle*, 95 NY2d 827 [2000]).

While defendant asks that the sentences for the assaults all run concurrently, we perceive no abuse of sentencing discretion. In fact, in our view, the sentence is well deserved.

Finally, we reject the People's contention that the resentencing court can adjust the sentences on each individual conviction so that the aggregate sentence need not be reduced. Pursuant to CPL 430.10, "[e]xcept as otherwise specifically authorized by law, when the court has imposed a sentence of imprisonment and such sentence is in accordance with law, such sentence may not be changed, suspended or interrupted once the term or period of the sentence has commenced" (*see also People v Romain*, 288 AD2d 242, 243 [2001], *lv denied* 98 NY2d 640 [2002]). Since there is no suggestion that the sentences for reckless endangerment and criminal possession of stolen property are not "in accordance with law" (CPL 430.10), these sentences may not be changed (*see People ex rel. Miresi v Murphy*, 253 App Div 441 [1938]). The only illegality in the sentence was in directing that the sentences for the two assaults arising out of the collision run consecutively to each other. Once that defect is corrected, "there [is] no other defect to rectify" (*People v Romain*, 288 AD2d at 243). Concur—Nardelli, J.P., Mazzarelli, Sullivan, Williams and Catterson, JJ.

---

* This matter was remanded for resentencing after this Court vacated defendant's original sentence on the ground that he was improperly sentenced as a persistent violent felony offender (*People v Davis*, 270 AD2d 162 [2000], *lv denied* 95 NY2d 795 [2000]).