■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENCIL LOPEZ, Appellant. [789 NYS2d 480]—

Judgment, Supreme Court, Bronx County (Edward M. Davidowitz, J., on dismissal motion; Caesar D. Cirigliano, J., at jury trial and sentence), rendered October 11, 2000, as amended July 18, 2001, convicting defendant of manslaughter in the first degree, robbery in the first degree (three counts), criminal use of a firearm in the first degree and criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to a term of 12¹/₂ to 25 years on the manslaughter conviction, to run consecutively to concurrent terms of 12¹/₂ to 25 years on each robbery conviction, 7¹/₂ to 15 years on the criminal use of a firearm conviction and 4 to 8 years on the weapon possession conviction, unanimously modified, on the law, to the extent of directing that the sentence on the robbery conviction based on serious physical injury (Penal Law § 160.15 [1]) run concurrently with the sentence on the manslaughter conviction, and otherwise affirmed.

As the People concede, the sentence for robbery in the first degree based on Penal Law § 160.15 (1) (causes serious physical injury) must run concurrently with defendant's sentence on the manslaughter conviction, as the injury is the same as to both convictions (*see People v Laureano*, 87 NY2d 640, 643 [1996]). However, this does not affect the consecutive sentences imposed for the other two robbery convictions, which are not required to run concurrently with the manslaughter sentence (*see People v Tanner*, 30 NY2d 102, 108 [1972]; *People v Lewis*, 268 AD2d 249 [2000], *lv denied* 95 NY2d 799 [2000]; *People v Battle*, 249 AD2d 116 [1998]; *People v Hyde*, 240 AD2d 849, 851-852 [1997], *lv denied* 91 NY2d 874 [1997]).

The court properly denied defendant's motion to dismiss the indictment based on preindictment delay (*see People v Vernace*, 96 NY2d 886 [2001]; *People v Singer*, 44 NY2d 241 [1978]; *People v Taranovich*, 37 NY2d 442, 445 [1975]). There was no factual issue warranting a hearing. Defendant made no showing of prejudice, and did not dispute the People's showing that the

investigation proceeded in good faith and that the delay was caused by the need to gather essential evidence (*People v Brown*, 209 AD2d 233 [1994], *lv denied* 85 NY2d 860 [1995]).

The contentions contained in defendant's pro se supplemental brief are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Buckley, P.J., Mazzarelli, Saxe, Friedman and Catterson, JJ.