THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ODALIS ROSADO, Appellant. [811 NYS2d 664]—

Judgment, Supreme Court, New York County (John E.H. Stackhouse, J.), rendered July 28, 2000, convicting defendant, after a jury trial, of violation of General Business Law § 352-c (5), violation of General Business Law § 352-c (6) (nine counts), scheme to defraud in the first degree (two counts), grand larceny in the third degree (nine counts), violation of General Business Law § 352-e and violation of General Business Law § 352-f, and sentencing him to an aggregate term of 10 to 30 years, and directing him to pay $3.2 million in restitution, unanimously

modified, on the law, to the extent of directing that the sentences for the convictions of violation of General Business Law § 352-c (6) under counts 2 through 10 of the indictment be served concurrently with the sentences for the convictions of grand larceny under counts 13 through 21, resulting in a new aggregate term of 5 to 15 years, and, as a matter of discretion in the interest of justice, to the extent of vacating the order of restitution and remanding for a hearing pursuant to Penal Law § 60.27 (2), and otherwise affirmed.

The verdict was based on legally sufficient evidence. There was extensive evidence, including defendant's many blatantly false statements to investors, that established the intent required for a conviction of scheme to defraud in the first degree under Penal Law § 190.65 (*see e.g. People v Kowallis*, 1 AD3d 1026, 1027 [2003]). The evidence established that defendant intentionally participated in the fraudulent scheme, regardless of whether it was devised by others (*see United States v Manion*, 339 F3d 1153, 1156 [9th Cir 2003], *cert denied* 540 US 1096 [2003]). The evidence was likewise sufficient to warrant a finding of larceny by false promise under Penal Law § 155.05 (2) (d), including evidence that at the time he made promises to investors he was aware of facts rendering performance of these promises impossible (*see People v D'Anna*, 163 AD2d 810 [1990]; *People v Twoguns*, 161 AD2d 1193 [1990], *lv denied* 76 NY2d 867 [1990]). We have considered and rejected defendant's other sufficiency arguments.

Since there is no indication that a motion to dismiss the indictment would have had any hope of success, defendant has not established that his trial attorneys were ineffective for failing to make such a motion prior to trial. Defendant's other claims of ineffective assistance of counsel are unreviewable on direct appeal because they involve counsel's cross-examination strategy and investigation, and other matters outside the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). To the extent the existing record permits review, it establishes that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

As the People concede, the court improperly imposed consecutive sentences for grand larceny and violation of General Business Law § 352-c (6), because, as to each investor, the two crimes were committed through the same act (*see* Penal Law § 70.25). We modify accordingly, but we decline the People's suggestion that we remand for resentencing, since "we reject the People's

contention that the resentencing court can adjust the sentences on each individual conviction so that the aggregate sentence need not be reduced" (*People v Davis*, 12 AD3d 237, 238 [2004], *appeal withdrawn* 4 NY3d 762 [2005]).

We also conclude that the sentencing court should not have directed restitution without a hearing to determine the appropriate amount. Under Penal Law § 60.27 (1), a court may "require the defendant to make restitution of the fruits of his or her offense or reparation for the actual out-of-pocket loss caused thereby." In this case, the court should have conducted a hearing because "the record [did] not contain sufficient evidence to support such finding" (Penal Law § 60.27 [2]). The restitution figure proposed by the People was not based entirely on the trial evidence, but was also based upon the Assistant Attorney General's unsworn summary of the amounts invested by persons who did not testify at trial, resulting in the dismissal of the counts relating to those investors, as well as upon an estimation of the amount the investors would have received if the project had performed in accordance with defendant's representations. We find this to be an insufficient substitute for a hearing. Concur—Tom, J.P., Mazzarelli, Sullivan, Sweeny and Malone, JJ.