■ In the Matter of DENCIL LOPEZ, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [858 NYS2d 809]—

Kavanagh, J. Appeal from a judgment of the Supreme Court (Collins, J.), entered November 8, 2006 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request to recalculate his aggregate sentence.

Following a jury trial, petitioner was convicted of manslaughter in the first degree, three counts of robbery in the first degree, criminal use of a firearm in the first degree and criminal possession of a weapon in the second degree. The robbery charges included convictions under Penal Law § 160.15 (1), (2) and (4), and stemmed from an incident wherein petitioner, acting in concert with two other individuals, brandished a weapon and forcibly stole cash and jewelry from the manager of a bodega before shooting him in the back of the head, killing him. Petitioner thereafter was sentenced as a second violent felony offender to prison terms of 12½ to 25 years on his conviction for manslaughter in the first degree, 12½ to 25 years on each conviction for robbery in the first degree, 7½ to 15 years on the criminal use of a firearm count and 4 to 8 years on the criminal possession of a weapon count. The sentence for the manslaughter conviction was to run consecutive to the remaining sentences, which ran concurrently with each other.

Upon appeal, the First Department modified, holding that the sentence for robbery in the first degree under Penal Law § 160.15 (1) (causes serious physical injury) must run concurrently with petitioner's sentence on the manslaughter conviction "as the injury is the same as to both convictions" (*People v Lopez*, 15 AD3d 232 [2005], *lv denied* 4 NY3d 888 [2005]). The First Department noted, however, that such modification "[did] not affect the consecutive sentences imposed for the other two robbery convictions, which [were] not required to run concurrently with the manslaughter sentence" (*id.*).

Petitioner thereafter requested that the Department of Correctional Services recalculate his sentence to reduce his aggre-

gate term to 12½ to 25 years. Petitioner's request was denied,* prompting petitioner to commence this CPLR article 78 proceeding. Supreme Court dismissed the petition and this appeal ensued.

Petitioner argues that, pursuant to Penal Law § 70.30 (1) (a), because the sentence imposed upon the manslaughter conviction must run concurrently with the sentence imposed upon the robbery conviction charging serious physical injury, and because each of the sentences imposed for his robbery convictions must run concurrently with each other, it necessarily follows that all of his sentences must run concurrently. The First Department has already rejected petitioner's argument (*People v Lopez*, 15 AD3d at 232), and the Court of Appeals denied petitioner's motion for leave to appeal. Accordingly, petitioner's claims have been heard and rejected, and respondent correctly relied upon the result reached in the First Department's decision. If respondent were to have granted petitioner's request, respondent's actions would have been in direct conflict with the findings contained in a decision rendered by a court of competent jurisdiction.

Moreover, the result advocated by petitioner is not the type contemplated by Penal Law § 70.30 (1) (a). To be sure, to adopt petitioner's position would result in his sentence being dramatically reduced simply and solely because he had been convicted of committing a robbery during which serious physical injury was inflicted upon a third party. Following petitioner's argument to its logical conclusion, had he been acquitted of that charge, his sentence on his manslaughter conviction could run consecutively with the sentences imposed on the two robbery convictions that did not charge serious physical injury. Such a result surely was not the intent of the Legislature when it enacted Penal Law § 70.30 (1) (a) and would be at odds with the intent of the trial court that imposed petitioner's sentence (*see People v Tanner*, 30 NY2d 102, 108 [1972]; *People v Lewis*, 268 AD2d 249 [2000], *lv denied* 95 NY2d 799 [2000]; *People v Hyde*, 240 AD2d 849, 851-852 [1997], *lv denied* 91 NY2d 874 [1997]).

Peters, J.P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* However, by operation of Penal Law § 70.30 (1) (e) (iv), his aggregate sentence of 25 to 50 years was reduced to 20 to 40 years.