Centra and Gorski, JJ. (dissenting in part).
We respectfully dissent in part and would modify the judgment by directing that the sentence imposed for driving while intoxicated shall run concurrently with the sentences imposed for vehicular assault in the second degree. We agree with the majority that the sentence imposed by County Court is illegal because the one-year definite term for driving while intoxicated may not run consecutively with the one-year concurrent definite terms for vehicular assault. When a court imposes an illegal sentence, however, this Court may in its discretion either remit the matter for resentencing or simply substitute a legal sentence for the illegal sentence (see People v LaSalle, 95 NY2d 827, 829 [2000]). In our view, under the circumstances of this case, we should direct that the sentences run concurrently rather than remitting the matter for resentencing (see e.g. People v Fuentes, 52 AD3d 1297, 1301 [2008], lv denied 11 NY3d 736 [2008]; People v Krocke, 265 AD2d 879 [1999]). As noted by the majority, the sentence in this case was imposed pursuant to a plea agreement, but we have in the past modified a judgment on the ground that the bargained-for sentence was illegal because consecutive sentences were not permissible and have directed that the sentences run concurrently (see People v Taylor, 197 AD2d 858 [1993]). There is no sentence that the court could impose here that would result in the bargained-for sentence, i.e., two one-year definite terms of imprisonment. Defendant has already *1121 served a one-year definite term and, “when the court has imposed a sentence of imprisonment and such sentence is in accordance with law, such sentence may not be changed, suspended or interrupted once the term or period of the sentence has commenced” (CPL 430.10). Although it is implicit in CPL 430.10 that a court has the power to correct an illegal sentence even if the defendant has begun serving it, a court may not alter a sentence that “is in accordance with law” once it is being served (id.; see People v Carpenter, 19 AD3d 730, 732 [2005], lv denied 5 NY3d 804 [2005]). In our view, the illegality of the sentence was in directing the one-year definite sentence for driving while intoxicated to run consecutively to the one-year concurrent definite sentences for vehicular assault (see People v Davis, 12 AD3d 237, 238 [2004]). That defect is corrected by directing that the sentences run concurrently (see id.). Present— Hurlbutt, J.P., Smith, Centra, Fahey and Gorski, JJ.