■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SERGIO RODRIGUEZ, Appellant. [913 NYS2d 202]—

Judgment, Supreme Court, New York County (Edward J. Mc-Laughlin, J.), rendered October 15, 2008, convicting defendant, after a jury trial, of attempted murder in the second degree, assault in the first degree, robbery in the first degree (two counts), and robbery in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of 40 years, modified, on the law, to the extent of directing that the sentences for the attempted murder and assault convictions be served concurrently, the matter remanded to the trial court for resentencing, and otherwise affirmed.

Defendant's challenges to the People's summation are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we also find that the challenged portions of the summation constituted permissible comment (*see generally People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]) on the victim's demeanor when he entered the courtroom and saw defendant. The prosecutor specifically called on the jurors to rely on their own observations of the victim's demeanor. Defendant's related ineffective assistance of counsel claim is without merit.

As the People concede, the court should have imposed concurrent sentences for the attempted murder and assault convictions because there is no basis for finding that these crimes were committed through separate acts. "[S]entences imposed for two or more offenses may not run consecutively: (1) where a single act constitutes two offenses, or (2) where a single act constitutes one of the offenses and a material element of the other" (*People v Laureano*, 87 NY2d 640, 643 [1996]; *see* Penal Law

§ 70.25 [2]). In this case, the facts do not support any conclusion other than that the crimes of assault and attempted murder were effected through the same acts.

Nevertheless, we remand the matter to the trial court so that it may restructure the sentences to arrive lawfully at the aggregate sentence which it clearly intended to impose upon defendant, who was the actual shooter, and thus deserving of greater punishment than his accomplices. One of the two robbery counts of which defendant was convicted charged him with forcible stealing of property while displaying a firearm (Penal Law § 160.15 [4]). It is self-evident that defendant's display of a gun during the robbery, on the one hand, and his actual shooting of the victim, on the other, arise from separate acts, and are thus not subject to the strictures of Penal Law § 70.25 (2).

This Court has, on at least one prior occasion, vacated illegal consecutive sentences, but remanded the case for resentencing, so that sentences on other counts which were initially run concurrently, could be imposed consecutively so as to reflect the court's intended sentencing scheme (see People v Montel, 269 AD2d 293, 294 [2000], lv denied 95 NY2d 800 [2000]). Defendant contends that Montel is inapplicable because the convictions resulted from a negotiated plea. This distinction is meaningless. As the Court of Appeals has observed, when illegal sentences are corrected, and a defendant resentenced in accordance with statutory prescriptions, a colorable argument only arises if his "sentence had been increased beyond his legitimate expectations of what the final sentence should be" (People v Williams, 87 NY2d 1014, 1015 [1996]). As long as defendant's aggregate sentence in this case is not increased beyond what the court originally intended to impose, he will face no jeopardy from having taken an appeal.

To the extent the Second Department's decision in People v Romain (288 AD2d 242 [2001], lv denied 98 NY2d 640 [2002]) suggests that a different result is warranted, we decline to follow its reasoning.

Nor are this Court's decisions in People v Rosado (28 AD3d 215 [2006]) and People v Davis (12 AD3d 237 [2004], appeal withdrawn 4 NY3d 762 [2005]) inconsistent with the result reached herein. In both of those cases the People sought resentencing to adjust the individual sentences themselves so that the aggregate sentence need not be reduced, which procedure would run afoul of CPL 430.10 ("when the court has imposed a sentence of imprisonment and such sentence is in accordance with law, such sentence may not be changed, suspended or interrupted once the term or period of the sentence has com-

menced"). In this case, the People seek resentencing only to realign which sentences are to run consecutively, not to disturb any of the individual sentences. Concur—Nardelli, J.P., Acosta, Freedman and Román, JJ.

McGuire, J., concurs in a separate memorandum as follows: I agree with the majority's memorandum but write separately to emphasize certain points. At the outset of the gunpoint robbery committed by defendant and his two accomplices, defendant brandished a gun and demanded the victim's gold chain. Even though the victim was in the act of complying with that demand, defendant shot him in the leg. Defendant's gratuitous and brutal violence only escalated from that point. As the victim continued his efforts to take off the chain, defendant shot him in the torso. The victim fell against a fence and defendant shot him a third time, in the back. The second bullet created multiple holes in the victim's bowel; the third bullet lodged in his vertebrae and caused severe spinal cord injury. Miraculously, the victim survived. But although he eventually may be able to walk with the assistance of braces, he will be wheelchair bound for the rest of his life when outside the home.

Defendant was convicted by a jury of attempted murder in the second degree, assault in the first degree, robbery in the first degree (two counts) and robbery in the second degree. Victor Perez, his jointly tried accomplice, was the one who actually took the chain and other property from the victim; he was acquitted of the attempted murder and first-degree assault charges but convicted of two counts of first-degree robbery and one count of second-degree robbery. (Prior to trial, the second accomplice pleaded guilty to second-degree robbery.) As defendant had been convicted of second-degree assault little more than a year before the commission of this crime, he was sentenced as a second violent felony offender. For the attempted murder and first-degree assault convictions he was sentenced to consecutive terms of 25 years and 15 years, respectively; he also was sentenced to two terms of 25 years for the first-degree robbery convictions and one term of 15 years for the second-degree robbery conviction, with these three terms running concurrently with each other and with the sentences for the attempted murder and first-degree assault convictions. Perez, also a second violent felony offender, was sentenced to concurrent terms of 25 and 15 years for, respectively, the first and second-degree robbery convictions. Thus, defendant's aggregate sentence was a richly deserved 40 years; his much less culpable accomplice, who was not armed with a weapon, did not himself commit any violent acts and was acquitted of the attempted murder and

first-degree assault charges, received an aggregate sentence of 25 years.

In sentencing defendant, Supreme Court made a mistake. Penal Law § 70.25 (2) requires concurrent sentences when two or more crimes are committed though a single act. As the People appropriately concede, although consecutive sentences for attempted murder and assault crimes arising from repeatedly shooting the same victim may be authorized in a particular case, the record here does not disclose sufficient facts from which it could be concluded that one gunshot constituted the attempted murder and another the first-degree assault (*see People v Parks*, 95 NY2d 811 [2000]). Accordingly, the sentences for these crimes should have been made to run concurrently. However, the sentence for either the second-degree robbery conviction or for one of the first-degree robbery convictions, the one predicated on the display of what appears to be a pistol (Penal Law § 160.15 [4]), lawfully can run consecutively either to the first-degree assault or the attempted murder conviction. Thus, the aggregate sentence of 40 years that was imposed is one that is authorized by the Penal Law.

The question in this case then is what is permissible when the illegal sentence is corrected. Has the Legislature mandated that the only permissible corrective action is to direct that the sentences on these two components of the sentence (the sentences for attempted murder and first-degree assault) run concurrently? Even if Supreme Court determined that it intended to impose an aggregate sentence of 40 years and did not make a considered determination that no other consecutive sentences were appropriate, is Supreme Court precluded from restructuring the sentence so as to impose the same aggregate sentence or even one that is less than the original sentence but entails consecutive sentences not previously imposed?

In my view, the only reasonable answer to that question is no. In the first place, no statute requires a yes answer. CPL 430.10 provides that, "[e]xcept as otherwise specifically authorized by law, when the court has imposed a sentence of imprisonment *and such sentence is in accordance with law*, such sentence may not be changed, suspended or interrupted once the term or period of the sentence has commenced" (emphasis added). A necessary condition to the application of this prohibition is that the sentence at issue be a lawful one. Components of the sentence are lawful, but the syntax of the statute makes clear that the entire sentence is considered to be the "sentence of imprisonment." Because Supreme Court imposed a sentence of imprisonment "and such sentence is [not] in accordance with law," I would conclude that the prohibition is inapplicable.

Moreover, determining when consecutive sentences are prohibited can be exceedingly difficult. An apt illustration is provided by *People v Rosas* (8 NY3d 493 [2007]), in which a divided Court of Appeals concluded that the sentences had to run concurrently, with Judge Graffeo, joined by Judges Read and Pigott, concluding that consecutive sentences were authorized (*see People v McKnight*, 16 NY3d 43 [2010]). As the Legislature surely was mindful both of the difficulties judges would sometimes face and of the enormous importance to the People of a just sentence, it makes no sense to think the Legislature intended that judges have only one chance of getting it right. The United States Supreme Court has made much the same point: "[t]he Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner" (*Bozza v United States*, 330 US 160, 166-167 [1947]). In multiple defendant cases like this one, furthermore, the conclusion that this one wrong move by Supreme Court immunizes defendant from having any of the underlying sentences run consecutively would be at odds with the fundamental precept of justice that like cases should be treated alike. It can mandate that unlike cases be treated as like cases; despite defendant's far greater culpability and moral blameworthiness, he would get the same sentence as Perez, 25 years.

Although I think it self-evident that Supreme Court did not intend such an extraordinarily unjust result, the more important point is that we should have a strong basis in the text of a statute to conclude that the Legislature intended judges to have only one chance of getting it right. The statutory text is to the contrary (*see* Penal Law § 5.00 ["the provisions herein must be construed according to the fair import of their terms to promote justice and effect the objects of the law"]). And as the People point out, CPL 470.20 also is relevant here. It states: "[u]pon reversing or modifying a judgment, sentence or order of a criminal court, an intermediate appellate court must take or direct such corrective action as is necessary and appropriate both to rectify any injustice to the appellant resulting from the error or defect which is the subject of the reversal or modification and to protect the rights of the respondent." This is plainly a grant of discretionary authority to intermediate appellate courts and nothing in the Penal Law requires that it be read stingily in this context. But to accept defendant's position means that whenever judges make sentencing errors like this one, nothing can be done to protect the rights of the People, regardless of how profound the injustice may be.

Although the Court of Appeals apparently has not addressed

the issue, our decision in *People v Montel* (269 AD2d 293 [2000], *lv denied* 95 NY2d 800 [2000]) is on point, as is the Second Department's decision in *People v Romain* (288 AD2d 242 [2001], *lv denied* 98 NY2d 640 [2002]). These two decisions come to opposite conclusions and defendant urges that we should not follow our own precedent in *People v Montel* because the erroneously imposed consecutive sentences were imposed not after a trial but after the defendant's guilty plea. The heart of defendant's argument, however, is that CPL 430.10 precludes any change to the sentence other than what is absolutely necessary to correct the specific error in a component or components of the sentence. If that argument is correct, it applies equally when consecutive sentences are erroneously imposed following a guilty plea or a trial. For the reasons stated above, I think the argument is incorrect and we should follow *People v Montel.*

Our decisions in *People v Davis* (12 AD3d 237 [2004]) and *People v Rosado* (28 AD3d 215 [2006]) are distinguishable as they address a different problem. If, for example, a defendant is sentenced to two consecutive terms of five years (so that the aggregate sentence is 10 years) but only concurrent sentences are lawful, *People v Davis* and *People v Rosado* preclude either or both of the concurrent sentences that are imposed on resentencing from exceeding the five-year terms originally imposed. That is not to deny that there is tension between, on the one hand, *People v Montel* and, on the other, *People v Davis* and *People v Rosado*. But we need not grapple with that tension to decide this appeal. Suffice it to say that when a judge directs sentences to run consecutively, it may be reasonable to presume that the period of incarceration specified for each conviction (including those for any additional sentences which are made to run concurrently) represents a considered determination by the judge, but less reasonable to presume that a direction that the sentence for one or more additional convictions shall run concurrently with the sentences running consecutively represents a considered determination. After all, in the latter situation that direction may be compelled by an antecedent conclusion that the consecutive sentences result in the appropriate aggregate sentence.

Finally, defendant offers an independent argument based on the Second Department's decision in *People v Losicco* (276 AD2d 565 [2000], *lv denied* 96 NY2d 802 [2001]) that the imposition of concurrent sentences only is required by Penal Law § 70.30 (1) (a). As defendant forthrightly recognizes, the Third Department not only has rejected that argument but has read our decision in *People v Lopez* (15 AD3d 232 [2005], *lv denied* 4 NY3d

888 [2005]) to have rejected it as well (*Matter of Lopez v Goord*, 51 AD3d 1231 [2008], *lv denied* 11 NY3d 708 [2008]). In any event, I would not reach this argument as defendant raises it for the first time in his reply brief.