Judgment of resentence, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered May 23, 2012, resentencing defendant to consecutive terms of 25 years on his conviction of robbery in the first degree and 15 years on his conviction of assault in the first degree, unanimously affirmed.
On a prior appeal (People v Rodriguez, 79 AD3d 644 [1st Dept 2010], affd 18 NY3d 667 [2012]), this Court determined that certain sentences that the trial court had imposed consecutively should have been imposed concurrently. We remanded the matter in order to permit the trial court, if so inclined, to restructure the sentences to arrive at the same aggregate term it had previously imposed.
On remand, the resentencing court lawfully imposed consecutive sentences for a conviction of first-degree robbery (based on display of a firearm [Penal Law § 160.15 (4)]) and a conviction of first-degree assault. As we have previously determined (79 AD3d at 645-646), the fact that those sentences had originally *489 been imposed concurrently did not result in a violation of CPL 430.10, even though defendant’s sentences had already commenced. Furthermore, the consecutive terms did not violate Penal Law § 70.25 (2), because the robbery conviction was based on defendant’s display of something appearing to be a firearm (which proved to be an actual firearm), and the assault count was based on defendant’s separate act of shooting the victim (79 AD3d at 645; see also People v Ramirez, 89 NY2d 444 [1996]).
As did the Court of Appeals on the prior appeal, we reject defendant’s argument that CPL 430.10 “would bar an appellate court from directing resentencing on all counts where the sentence on fewer than all of the counts was flawed” (see 18 NY3d at 671). The sentence now under appeal was therefore authorized by law.
Defendant’s argument that the consecutive terms violated Penal Law § 70.30 (1) (a) is also without merit. That statute “was not intended to restrict the number or length of the sentences that may be imposed, but merely to direct how the aggregate length of those sentences should be calculated” (Matter of Roballo v Smith, 63 NY2d 485, 489 [1984]). Accordingly, sentences may run consecutively to each other even though each of those sentences is required to run concurrently with the same third sentence (Matter of Lopez v Goord, 51 AD3d 1231 [3d Dept 2008], lv denied 11 NY3d 708 [2008]; People v Lopez, 15 AD3d 232 [1st Dept 2005], lv denied 4 NY3d 888 [2005]).
The imposition of consecutive sentences was an appropriate exercise of discretion. Although the resentencing court was not required to consider defendant’s alleged rehabilitative progress while incarcerated (see People v Kuey, 83 NY2d 278, 282-283 [1994]), it did, in fact, remark on such progress, but reasonably concluded that it was outweighed by the extreme heinousness of defendant’s crime (the circumstances of which are set forth in the concurring memorandum on the prior appeal [79 AD3d at 646]).
We have considered and rejected each of defendant’s constitutional arguments. Concur — Mazzarelli, J.P, Sweeny, DeGrasse, Manzanet-Daniels and Feinman, JJ.