The People of the State of New York, Respondent,
against
Charmaine Dixon, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Melissa A. Crane, J., at suppression hearing and trial; Louis L. Nock, J., at sentencing), rendered January 5, 2017, after a jury trial, convicting her of aggravated harassment in the second degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Melissa A. Crane, J., at suppression hearing and trial; Louis L. Nock, J., at sentencing), rendered January 5, 2017, affirmed.
Defendant was convicted, after a jury trial, of aggravated harassment in the second degree (see Penal Law § 240.30[1][a]). The People's proof was strong and persuasive, consisting of credited evidence that defendant, after engaging in an escalating pattern of disturbing conduct at her daughter's elementary school - including repeatedly appearing at the school "unannounced"; ignoring a "limited access letter" informing her that she must obtain authorization prior to visiting the school; arguing with a safety officer; and stating that the school principal/victim would "find [the] body" of a teacher defendant had quarreled with - entered the school's office unannounced while very upset and angry, refused to leave and had to be escorted out of the building, and then called the school principal later that afternoon and stated: "it's my job to rid the world of the sins and I'm going to start with your building ... tomorrow, I am coming to that building and I'm going to clean the building of the sins and when I'm done - I'm coming in there with weapons [and] when I'm done, you're going to have to call the police to get me out." Manifestly, defendant's statement constituted a threat that placed the victim in reasonable fear for her safety and, indeed, defendant does not now challenge the conviction on sufficiency or weight of the evidence grounds.
The record discloses no evidentiary error warranting reversal. Even assuming that the arresting police officer's testimony concerning an out-of-court statement by the principal [*2]constituted inadmissible hearsay, the testimony was cumulative, and any error was harmless given the overwhelming evidence of defendant's guilt and the fact that there was no significant probability that the jury would have acquitted defendant had the error not occurred (see People v Crimmins, 36 NY2d 230, 241—242 [1975]).
The court providently exercised its discretion in denying, without a hearing, defendant's request to have a juror questioned under oath regarding a postverdict presentence letter to the court, wherein the juror expressed concern for defendant and recommended that she receive psychological treatment. The sentiments expressed in the juror's letter, standing alone, did not constitute any basis for questioning the juror under oath since the letter provided no indication that the juror failed to follow the court's instructions and, indeed, expressly stated the contrary (see People v Arnold, 96 NY2d 358, 364—368 [2001]). Nor did the letter indicate any misconduct on the jury's part that may have prejudiced or affected a substantial right of the defendant (CPL 330.30[2]; see People v Rodriguez, 100 NY2d 30, 35-36 [2003]). 
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (see People v Evans, 16 NY3d 571 [2011], cert denied 565 US 912 [2011]; People v Archer, 137 AD3d 449 [2016], lv denied 27 NY3d 1128 [2016], citing People v Rivera, 71 NY2d 705, 709 [1988]; People v Rosado, 28 AD3d 215, 216 [2006]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal.
To the extent that the existing record permits review, defendant received effective assistance under the state and federal standards (see People v Caban, 5 NY3d 143 [2005]; People v Benevento, 91 NY2d 708, 713—714 [1998]; see also Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that any of the objections or applications that she faults trial counsel for failing to make had any reasonable possibility of success, or of affecting the outcome of the case (see People v Caban, 5 NY3d at 152).
Nor can we conclude that counsel's failure to raise a constitutional challenge to amended Penal Law § 240.30(1)(a) constituted ineffective assistance, especially on this record, which shows that defendant's egregious conduct went far beyond a mere communication with intent to annoy, which was the primary concern of the Court of Appeals when it invalidated the prior version of the statute in People v Golb (23 NY3d 455, 467-468 [2014], cert denied 135 S Ct 1009 [2015]; see People v Irizarry, 135 AD3d 641, 642 [2016], lv denied 28 NY3d 931 [2016]). Furthermore, the argument defendant faults prior counsel for not having made depends upon a complex First Amendment analysis, which is by no means so clear-cut that it should have been apparent (see People v Turner, 5 NY3d 476, 481 [2005]; People v Calderon, 66 AD3d 314, 320 [2009], lv denied 13 NY3d 858 [2009]). Nor is the consequence of counsel's failure to make a constitutional challenge to the statute clear, even at this late juncture. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concurI concurI concur
Decision Date: September 28, 2018