People v Johnson (2019 NY Slip Op 03618)





People v Johnson


2019 NY Slip Op 03618


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
SYLVIA O. HINDS-RADIX
BETSY BARROS, JJ.


2013-00802
 (Ind. No. 3008/91)

[*1]The People of the State of New York, respondent,
v
Bruce Johnson, appellant.


Paul Skip Laisure, New York, NY (Kristina Schwarz of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Joseph N. Ferdenzi, and Danielle S. Fenn of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a resentence of the Supreme Court, Queens County (Joseph A. Zayas, J.), imposed January 7, 2013, upon his conviction of criminal possession of a weapon in the second degree, upon a jury verdict, the resentence being an indeterminate term of imprisonment of 5 to 10 years, to run consecutive to other sentences not subject to the resentencing.
ORDERED that the resentence is affirmed.
In 1992, the defendant was convicted of murder in the second degree (two counts, depraved indifference and felony murder) and criminal possession of a weapon in the second degree. The convictions stemmed from a 1990 incident in which the defendant, along with others, went to a grocery store with the intent to rob it. However, when a butcher, who was leaving work at the end of the day, emerged from a nearby meat market, he was shot and killed during the course of the attempted robbery.
The defendant was sentenced to concurrent indeterminate terms of imprisonment of 25 years to life for each count of murder in the second degree, and 5 to 15 years for criminal possession of a weapon in the second degree, to run consecutive to the terms of imprisonment imposed on the murder convictions, with the sentences to be served "at hard labor." On the defendant's direct appeal, this Court modified that judgment, on the law, by deleting the provision directing that the sentences be served "at hard labor," and, as so modified, affirmed the judgment (see People v Johnson, 216 AD2d 583, 584).
The defendant subsequently moved pursuant to CPL 440.20 to vacate the sentence imposed on the conviction of criminal possession of a weapon in the second degree, contending that this sentence was illegal, as he should have been sentenced as a second violent felony offender. The Supreme Court granted that motion on consent of the People and vacated the sentence. The court subsequently resentenced the defendant to an indeterminate term of imprisonment of 5 to 10 years, to run consecutive to the other sentences that were not subject to the resentencing. The defendant appeals, contending, inter alia, that the term of the resentence should run concurrently with, not consecutive to, the other sentences.
While the defendant urged the Supreme Court to provide for the resentence to run concurrently with the other sentences, the court was without authority to modify the consecutive nature of the sentences so as to direct that the already-commenced legal concurrent sentences imposed for murder in the second degree run concurrently with the modified sentence imposed for criminal possession of a weapon in the second degree (see People v Romain, 288 AD2d 242, 243). Once the defect or illegality that was the subject of the defendant's CPL 440.20 motion was successfully challenged, there was no other defect before the court to rectify (see id.). In any event, the defendant was properly sentenced to consecutive sentences. The defendant admitted that he possessed a gun with the intent to rob the grocery store and actually used the gun to threaten a crowd that had gathered at the scene. Thus, the evidence demonstrates that the defendant possessed the weapon with the intent to use it unlawfully against another person separate from his intent during the commission of the murder (see Penal Law § 70.25; People v Laureano, 87 NY2d 640, 645; People v Wilson, 141 AD3d 737, 739; People v McGill, 272 AD2d 414, 415).
The Supreme Court did not improvidently exercise its discretion in resentencing the defendant without first ordering an updated presentence investigation report. The defendant had been continually incarcerated between the initial sentencing and resentencing, and he was afforded the opportunity to provide the court with additional information relevant to resentencing (see People v McGhee, 111 AD3d 961).
The resentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
SCHEINKMAN, P.J., RIVERA, HINDS-RADIX and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court