■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISABEL TORRES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered July 1, 1986, convicting her of murder in the second degree, upon a jury verdict, and imposing an indeterminate sentence of 20 years' to life imprisonment.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the minimum term of the sentence from 20 years to 15 years; as so modified, the judgment is affirmed.

The defendant admitted strangling her landlord in her apartment when he came to collect the rent. She claimed that she lost control when the landlord threatened to evict her and her small children because of her inability to pay the rent. We find no basis to disturb the jury's rejection of the defendant's

affirmative defense of extreme emotional disturbance. Although the evidence proffered by the defendant at trial sufficed to meet the threshold requirement that she acted under the influence of extreme emotional disturbance, the jury could reasonably have determined that she failed to establish her further burden of showing a reasonable explanation or excuse for the emotional disturbance (see, People v Rosado, 128 AD2d 905; see also, People v Casassa, 49 NY2d 668, 681, cert denied 449 US 842).

The defendant also claims that she was deprived of a fair trial as a result of improper remarks made by the prosecutor in his summation. For the most part, however, defense counsel failed to object to these purportedly improper remarks. Accordingly, they are not preserved for appellate review (CPL 470.05 [2]). In any event, we conclude that the prosecutor's summation constituted a fair response to the defense counsel's summation (see, People v Street, 124 AD2d 841).

Under the circumstances of this case, we conclude that the sentence imposed is excessive to the extent indicated. Mollen, P. J., Brown, Rubin and Kooper, JJ., concur.