■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP B. COOKS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Goodman, J.), rendered March 28, 1988, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At about noon on March 24, 1986, the defendant and his brother were fighting in front of the rooming house in which the defendant lived. Several neighborhood residents were watching. The building superintendent broke up the fight by holding the defendant while his brother escaped in a car. When the superintendent released him, the defendant went to his room, kicked the door off its hinges, and went inside. The superintendent picked up the door to replace it in its frame. As the superintendent was holding the door, the defendant pulled a high-powered rifle from under his bed. He fired two shots through the door, mortally wounding the superintendent. The superintendent fell to the floor under the door. The defendant walked up to where the victim was lying, and fired a third shot into his head. The defendant ran away but was captured the next day.

At trial, the defendant argued that he had lost control of himself as a result of his argument with his brother. We find no reason to disturb the jury's rejection of the defendant's affirmative defense of extreme emotional disturbance (see, Penal Law § 125.25 [1] [a]). Although the evidence proffered by the defendant at trial sufficed to meet the threshold requirement that he acted under the influence of extreme emotional disturbance, the jury could reasonably have determined that he failed to establish his further burden of showing a reasonable explanation or excuse for the emotional disturbance (see, People v Casassa, 49 NY2d 668, 678-679, cert denied 449 US 842; People v Torres, 144 AD2d 709, 710).

We have considered the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Lawrence, Kooper and Harwood, JJ., concur.