■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAXIMO GONZALEZ, Appellant. [670 NYS2d 849] —Judgment, Supreme Court, New York County (Franklin Weissberg, J., at suppression hearing; Ira Beal, J., at jury trial and sentence), rendered July 6, 1995, convicting defendant of murder in the second degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, and sentencing him to concurrent terms of 20 years to life, 2 to 6 years and 1 to 3 years, respectively, unanimously affirmed.

Since defendant failed to establish by a preponderance of the evidence that he acted under the influence of extreme emotional disturbance (Penal Law § 125.25 [1] [a]), reduction of the murder count to manslaughter in the first degree (*see*, Penal Law § 125.20 [2]) is not warranted. Although the evidence showed that the victim insulted defendant, the resulting anger and embarrassment were not the type of emotions that are "equivalent to the loss of self-control generally associated with [the extreme emotional disturbance] defense" (*People v Walker*, 64 NY2d 741, 743). In any event, defendant did not prove that he was still influenced by such emotional disturbance at the time he opened fire on the victim (*People v White*, 79 NY2d 900, 903). We see no reason to disturb the jury's evaluation of conflicting expert testimony.

The court properly denied the motion to suppress physical evidence and statements. The arresting officers had reasonable suspicion upon which to forcibly detain defendant, whose description and location sufficiently matched the information that had just been provided in a face-to-face encounter with an informant who had seen defendant carrying a gun.

Any error on the part of the court in declining to issue an

instruction concerning consciousness-of-guilt evidence does not warrant reversal, since the relevant testimony and summation remarks were not central to the People's case and the delivery of such charge would not have affected the verdict (*People v Hilton*, 210 AD2d 180, *lv denied* 85 NY2d 939).

We have considered defendant's remaining contention and find it to be without merit. Concur—Sullivan, J. P., Williams, Tom and Andrias, JJ.