██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY SEABROOKS, Appellant. [735 NYS2d 590] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lott, J.), rendered May 3, 1999, convicting him of assault in the second degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court responded meaningfully to a jury note requesting "corroboration" that a second participant in the assault had been convicted, by informing the jury that it should not concern itself with or speculate as to the conviction of any other person in connection with the defendant's case (*see, People v Weinberg,* 83 NY2d 262, 268; *People v Malloy,* 55 NY2d 296, 302, *cert denied* 459 US 847).

The defendant failed to specifically object with regard to the legal sufficiency of the evidence on the grounds he raises on appeal. Therefore, his arguments in this respect are unpreserved for appellate review (*see, People v Elmore,* 269 AD2d 404; *People v Valerio,* 167 AD2d 439). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. With regard to one count of assault in the second degree in which the defendant was charged as an accomplice, the facts and circumstances of this case, including his active participation in punching the victim after a third person had hit the victim with a bottle, were sufficient to establish that the defendant had intent with regard to the assault (*see, People v Cruz,* 81 NY2d 738; *People v Allah,* 71 NY2d 830; *People v Gonzalez,* 265 AD2d 341).

Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contentions are without merit. Florio, J. P., McGinity, Luciano and Schmidt, JJ., concur.