■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO PALACIOS, Appellant. [755 NYS2d 268] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Mullin, J.), rendered February 4, 2000, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The jury determination that the defendant failed to prove by a preponderance of the evidence that he was acting "under the influence of extreme emotional disturbance for which there was a reasonable explanation or excuse" when he shot and killed the victim was based on legally sufficient evidence and was not against the weight of the evidence (Penal Law § 125.25 [1] [a]; *see People v Roche,* 98 NY2d 70, 75 [2002]; *People v Casassa,* 49 NY2d 668, 675 [1980], *cert denied* 449 US 842 [1980]). The circumstances surrounding the commission of the crime were not indicative of a loss of self-control or similar mental infirmity (*see People v Roche, supra*). Accordingly, the jury properly rejected the defendant's affirmative defense.

As a rebuttal witness, the People presented a psychiatrist who testified about a statement by an individual who alleged that the defendant had previously pointed a gun at the victim, his girlfriend. The defendant contends that this statement was hearsay and that its admission into evidence warrants reversal of the judgment of conviction. However, " 'hearsay testimony given by [an] expert * * * for the limited purpose of informing the jury of the basis of the expert's opinion and not for the truth of the matters related' is admissible" (*People v Wright,* 266 AD2d 246, 247 [1999], quoting *People v Campbell,* 197 AD2d 930, 932-933 [1993]).

The defendant's contention that the trial court's interested witness charge was improper is unpreserved for appellate review (*see* CPL 470.05; *People v Walls,* 91 NY2d 987 [1998]), and, in any event, is without merit (*see People v Agosto,* 73 NY2d 963 [1989]).

Under the circumstances, the sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Santucci, J.P., Luciano, Schmidt and Adams, JJ., concur.