■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NIGEL GEORGE, Appellant. [776 NYS2d 883]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered April 23, 1996, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The jury determination that the defendant failed to prove by a preponderance of the evidence that he was acting "under the influence of extreme emotional disturbance for which there was a reasonable explanation or excuse" when he stabbed and killed the victim was not against the weight of the evidence (Penal Law § 125.20 [2]; § 125.25 [1] [a]; *see People v Roche*, 98 NY2d 70, 75 [2002]; *People v Casassa*, 49 NY2d 668, 675 [1980], *cert denied* 449 US 842 [1980]; *People v Palacios*, 302 AD2d 540, 541 [2003]). The circumstances surrounding the commission of the crime were not indicative of a loss of self-control or similar mental infirmity (*see People v Roche, supra*; *People v Walker,* 64 NY2d 741, 743 [1984]; *People v Palacios, supra*; *People v Gonzalez*, 249 AD2d 41 [1998]; *People v Feris*, 144 AD2d 691 [1988]; *People v Basso*, 140 AD2d 448, 450 [1988]). Accordingly, the jury properly rejected the defendant's affirmative defense.

The defendant failed to preserve for appellate review the issue of whether the evidence seized from his apartment should have been suppressed (*see* CPL 470.05 [2]). In any event, the defendant's claim is without merit. The evidence presented at

the hearing demonstrated that the initial warrantless entry into the apartment by the police fell within the emergency doctrine exception to the warrant requirement (*see People v Molnar*, 98 NY2d 328, 329 [2002]; *People v Dixon*, 281 AD2d 430 [2001]). The subsequent entry and seizure were proper, even though the crime scene, by that time, had been secured by the police and the emergency had abated, because a continued police presence was maintained, the items seized were in plain view, and the seizure was within several hours of the initial entry (*see People v Dixon, supra*; *People v Rielly*, 190 AD2d 695 [1993]; *cf. People v Cohen*, 87 AD2d 77, 82-83 [1982], *affd* 58 NY2d 844 [1983], *cert denied* 461 US 930 [1983]).

The defendant's remaining contentions either are unpreserved for appellate review or without merit. Altman, J.P., Goldstein, Adams and Crane, JJ., concur.