■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY RAMALAKHAN, Appellant. [781 NYS2d 914]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Thomas, J.), rendered December 9, 1996, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see Anders v California, 386 US 738 [1967]; People v Paige, 54 AD2d 631 [1976]; cf. People v Gonzalez, 47 NY2d 606 [1979]). Santucci, J.P., Smith, S. Miller, Cozier and Fisher, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT NICHOLAS VENEZIA, Appellant. [781 NYS2d 914]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Lefkowitz, J.), rendered December 1, 1999, convicting him of murder in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, he did not establish, by a preponderance of the evidence, the affirmative defense of extreme emotional disturbance to the charge of murder in the second degree (see Penal Law § 125.25 [1] [a]; People v Roche, 98 NY2d 70, 75 [2002]; People v Rodriguez, 6 AD3d 631 [2004]).

The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).

The defendant's remaining contention is without merit. Florio, J.P., S. Miller, Rivera and Lifson, JJ., concur.