■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCELINO GARCIA, Appellant. [787 NYS2d 367]—

Appeal by the defendant from a judgment of the County Court, Rockland County (Resnik, J., and Kelly, J., at trial; Kelly, J., at sentence), rendered August 1, 2002, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his contention that the evidence was legally insufficient to establish his guilt of the crime of murder in the second degree beyond a reasonable doubt (*see People v Lambert,* 272 AD2d 413 [2000]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt . Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see People*

*v Gaimari,* 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]; *People v Seabrooks,* 289 AD2d 515 [2001]).

Further, the jury determination that the defendant failed to prove by a preponderance of the evidence that he was acting "under the influence of extreme emotional disturbance for which there was a reasonable explanation or excuse" when he stabbed and killed the victim was not against the weight of the evidence (Penal Law § 125.25 [1] [a]; *see* Penal Law § 125.20 [2]; *People v Roche,* 98 NY2d 70 [2002]; *People v George,* 7 AD3d 810 [2004], *lv denied* 3 NY3d 674 [2004]). The circumstances surrounding the commission of the crime were not indicative of a loss of self-control or similar mental infirmity (*see People v Roche, supra; People v Palacios,* 302 AD2d 540 [2003]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Florio, J.P., Adams, Cozier and Mastro, JJ., concur.