■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KIM CARL, Appellant. [796 NYS2d 254]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Dickerson, J.), rendered July 30, 2002, convicting him of assault in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The evidence at the suppression hearing established that certain police officers, who did not have a warrant, entered the defendant's apartment in response to an emergency situation, whereupon they seized certain physical evidence that was in plain view. Under these circumstances, the hearing court correctly denied suppression of that evidence (*see People v Molnar*, 98 NY2d 328 [2002]; *People v George*, 7 AD3d 810 [2004]; *People v Dixon*, 281 AD2d 430 [2001]; *People v Rielly*, 190 AD2d 695, 696 [1993]).

The defendant's contentions regarding the legal sufficiency of the evidence are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are either unpreserved for appellate review (*see* CPL 470.05 [2]) or without merit. Adams, J.P., Krausman, Rivera and Fisher, JJ., concur.