■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REMI KWAS, Appellant. [946 NYS2d 258]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered June 29, 2010, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the jury's determination that he failed to prove by a preponderance of the evidence that he was acting "under the influence of extreme emotional disturbance for which there was a reasonable explanation or excuse" when he stabbed and killed his sister's boyfriend was not against the weight of the evidence (Penal Law § 125.25 [1] [a]; *see* Penal Law § 125.20 [2]; *People v Roche*, 98 NY2d 70, 75-76 [2002]; *People v Casassa*, 49 NY2d 668, 675 [1980], *cert denied* 449 US 842 [1980]; *People v Azaz*, 41 AD3d 610 [2007], *affd* 10 NY3d 873 [2008]; *People v Edwards*, 29 AD3d 710 [2006]; *People v George*, 7 AD3d 810 [2004]). "[W]here conflicting expert testimony is presented, the question of whether or not the defendant suffered from a mental disease or defect at the time of the commission of the crime is primarily for the trier of fact, who has the right to accept or reject the opinion of any expert" (*People v Hernandez*, 46 AD3d 574, 576 [2007] [citation and internal quotation marks omitted]; *see People v Ayala*, 221 AD2d 457 [1995]). Here, considering the evidence presented, including the conflicting expert testimony, the jury could have

reasonably concluded that the circumstances surrounding the commission of the crime were not indicative of a loss of self-control or similar mental infirmity (*see People v Roche*, 98 NY2d at 75-76; *People v Azaz*, 41 AD3d at 610; *People v Palacios*, 302 AD2d 540, 541 [2003]). Accordingly, there is no basis to disturb the jury's rejection of the defendant's affirmative defense of extreme emotional disturbance. Skelos, J.P., Balkin, Leventhal and Roman, JJ., concur.