■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WESLEY PAUL, Appellant. [26 NYS3d 883]—

Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Condon, J.), rendered June 24, 2013, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt of murder in the second degree beyond a reasonable doubt is unpreserved for appellate review and, in any event, without merit. Moreover, the jury's rejection of the defendant's affirmative defense that he was "act[ing] under the influence of extreme emotional disturbance for which there was a reasonable explanation or excuse" when he stabbed and killed his estranged wife was not against the weight of the evidence (Penal Law § 125.25 [1] [a]; *see People v Roche*, 98 NY2d 70, 75 [2002]; *People v Casassa*, 49 NY2d 668 [1980]; *People v Palacios*, 302 AD2d 540, 541 [2003]). The circumstances surrounding the commission of the crime are not indicative of a loss of self-control or similar mental infirmity (*see People v Roche*, 98 NY2d at 75-76; *People v George*, 7 AD3d 810 [2004]), and, in any event, the defendant failed to show a reasonable explanation or excuse for the allegedly extreme emotional disturbance (*see People v Casassa*, 49 NY2d 668 [1980]; *People v Torres*, 144 AD2d 709, 710 [1988]). Therefore, the jury properly rejected the defendant's affirmative defense.

The defendant's contention that the Supreme Court improperly precluded his expert from testifying as to the factual statements and opinions of the defendant's therapist with respect to the conduct of the victim, which were relayed to the expert, is without merit. Such hearsay testimony with respect to the alleged conduct of the victim was not covered by an exception to the rule precluding the admission of hearsay testimony (*see People v Goldstein*, 6 NY3d 119 [2005]; *People v Sugden*, 35 NY2d 453 [1974]; *see also Matter of State of New York v Floyd Y.*, 22 NY3d 95 [2013]).

The sentence imposed was not excessive (*see People v Delgado*, 80 NY2d 780 [1992]; *People v Thompson*, 60 NY2d 513, 519 [1983]; *People v Suitte*, 90 AD2d 80, 85-86 [1982]). Leventhal, J.P., Sgroi, Hinds-Radix and Maltese, JJ., concur.