This memorandum is uncorrected and subject to revision before publication in the New York Reports.
--------------------------------------------------------------

No. 81
The People &c.,
            Respondent,
        v.
Glenford C. Hull,
            Appellant.

Jonathan I. Edelstein, for appellant.
John L. Hubbard, for respondent.

MEMORANDUM:

The order of the Appellate Division should be affirmed.

Defendant was convicted in 2006 of one count of murder in the second degree for fatally shooting his downstairs neighbor. On appeal, the Appellate Division vacated the judgment and ordered a new trial on the ground that defendant received

- 1 -

ineffective assistance of trial counsel (71 AD3d 1336 [2010]).
At defendant's second trial, the People presented evidence that
defendant and the victim constantly argued and had engaged in a
verbal altercation immediately before the shooting.  Defendant
retrieved a loaded handgun from his bedroom, opened the apartment
door and allegedly confronted the victim.  The victim rushed at
defendant and reached for the gun.  According to defendant's
daughter, who witnessed the incident, the two men were struggling
when the gun discharged.  The bullet struck the victim in the
forehead, killing him instantly.  Defendant testified in his own
defense that he did not intend to shoot the victim and "wasn't
aiming for nothing" but "wanted to stop his forward momentum."

At the conclusion of evidence, the People requested
that the court instruct the jury on the lesser included offense
of manslaughter in the first degree, which requires proof that
defendant caused the death of another with "intent to cause
serious physical injury" (Penal Law § 125.20[1]).  The court
submitted the charge over defendant's objection, along with
defendant's requested instructions on second-degree manslaughter,
criminally negligent homicide and the defense of justification.
The jury acquitted defendant of murder but found him guilty of
manslaughter first.  Defendant moved to set aside the verdict,
arguing that there was no reasonable view of the evidence that he
intended only to injure, but not kill, the victim when he shot
him in the forehead at point blank range.  The trial court denied

the motion and the Appellate Division affirmed, with one Justice dissenting.  The dissenting Justice subsequently granted defendant leave to appeal.

The courts below properly concluded that there was a reasonable view of the evidence that defendant committed first-degree manslaughter but not murder in the second degree and, therefore, the trial court did not err in submitting that charge. A court "may, in addition to submitting the greatest offense which it is required to submit, submit in the alternative any lesser included offense if there is a reasonable view of the evidence which would support a finding that the defendant committed" the lesser but not the greater offense (CPL 300.50[1]).  It is undisputed that manslaughter in the first degree is a lesser included offense of second-degree murder within the meaning of CPL 1.20(37), so "the question simply is whether on any reasonable view of the evidence it is possible for the trier of the facts to acquit the defendant on the higher count and still find him guilty on the lesser one" (People v Henderson, 41 NY2d 233, 236 [1976]  [emphasis added] [internal citations omitted]).

Here, defendant's statements to the victim just before the shooting, coupled with evidence of the struggle and defendant's testimony that he "wasn't aiming for nothing" but "wanted to stop [the victim's] forward momentum" could have led the jury to conclude that defendant intended only to injure the

victim and that the victim's movements during the struggle resulted in his death (see People v Ford, 66 NY2d 428, 441 [1985]). The fact that a bullet entered the victim's forehead does not necessarily mean defendant intended to kill him, as "it is a matter of common experience that people who fire handguns do not always hit precisely the intended target" (People v Butler, 86 AD2d 811, 815 [1st Dept 1982] [Sandler, J. dissenting], revd for reasons stated in dissenting op 57 NY2d 664, 666 [1982]).

Defendant's remaining contention regarding the court's inquiry into possible juror misconduct is unpreserved for our review (see People v Hicks, 6 NY3d 737, 739 [2005]).

*    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *

Order affirmed, in a memorandum. Chief Judge DiFiore and Judges Pigott, Rivera, Abdus-Salaam, Fahey and Garcia concur. Judge Stein took no part.

Decided June 2, 2016