■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDGARDO COLON, Appellant. [37 NYS3d 586]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (McKay, J.), rendered June 20, 2012, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The affirmative defense of extreme emotional disturbance must be supported by proof that the defendant suffered from a mental infirmity not rising to the level of insanity at the time of the homicide, typically manifested by a loss of self-control. It requires evidence of a subjective element, that the defendant acted under an extreme emotional disturbance, and an objective element, that there was a reasonable explanation or excuse for the emotional disturbance (*see People v Diaz*, 15 NY3d 40, 45 [2010]; *People v Smith*, 1 NY3d 610 [2004]; *People v Roche*, 98 NY2d 70, 75-76 [2002]). Considering the evidence presented here, including the conflicting expert testimony, the jury could reasonably have concluded that the circumstances surrounding the commission of the crime were not indicative of a mental infirmity manifested by a loss of self-control (*see People v Kwas*, 96 AD3d 877 [2012]). In any event, the defendant failed to show a reasonable explanation or excuse for the allegedly extreme emotional disturbance (*see People v Torres*, 144 AD2d 709 [1988]).

Furthermore, defense counsel was not ineffective in his cross-examination of the People's expert, who testified that the defendant was not suffering from an extreme emotional disturbance at the time of the murder. Viewing the evidence, the law, and the circumstances of this case in totality and as of the time of the representation, the defendant received meaningful representation (*see People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Schumaker*, 136 AD3d 1369, 1373 [2016]).

Finally, the sentence imposed was not excessive (*see People v Scott*, 288 AD2d 846 [2001]; *People v Dockery*, 174 AD2d 432 [1991]; *see generally People v Suitte*, 90 AD2d 80 [1982]). Leventhal, J.P., Roman, Sgroi and LaSalle, JJ., concur.