People v Lloyd (2020 NY Slip Op 04324)





People v Lloyd


2020 NY Slip Op 04324


Decided on July 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
ROBERT J. MILLER
BETSY BARROS, JJ.


2016-05854
 (Ind. No. 7250/08)

[*1]The People of the State of New York, respondent,
v
Derrick Lloyd, appellant.


Paul Skip Laisure, New York, NY (A. Alexander Donn of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Rhea A. Grob, and Sarah G. Pitts of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Neil Jon Firetog, J.), rendered May 4, 2016, as amended July 19, 2016, convicting him of murder in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment, as amended, is affirmed.
The defendant was charged, inter alia, with murder in the second degree with respect to a shooting that took place on January 1, 1991, in Brooklyn, which resulted in the death of William Smith. In 2007, the defendant was apprehended in Alabama. He was initially tried in 2010, and that trial ended in a hung jury. At a second jury trial conducted in 2011, the defendant was convicted of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree. On appeal, by decision and order dated March 12, 2014, this Court reversed that judgment, and directed a new trial (see People v Lloyd, 115 AD3d 766). In 2016, the defendant was tried for a third time. He was convicted, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the third degree.
The defendant's contention that his convictions are not supported by legally sufficient evidence is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492; People v Pearsall, 171 AD3d 1096, 1096). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdicts of guilt were not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant contends that he was deprived of a fair trial when the Supreme Court permitted one of the People's witnesses to testify regarding her prior identification of the defendant in a photographic array. Contrary to the defendant's contention, defense counsel opened the door [*2]to this testimony by questioning that witness as to her ability to identify the defendant and creating the impression that she was unable to identify the defendant at his first trial (see People v Banks, 74 AD3d 1214, 1215; People v McCrae, 69 AD3d 759, 761; People v Hamilton, 33 AD3d 937, 938).
Additionally, the defendant was not deprived of a fair trial when the Supreme Court permitted the People's three eyewitnesses to testify that each had previously identified the defendant in prior court proceedings. Prior identification evidence is admissible on the People's case-in-chief, notwithstanding its bolstering effect on the witness's in-court testimony (see former CPL 60.30; People v White, 73 NY2d 468, 473; People v Owens, 43 AD3d 1185, 1187).
We also disagree with the defendant's contention that he was deprived of a fair trial when the Supreme Court permitted the People to offer the testimony of a rebuttal witness. The introduction of that testimony was properly admitted for the purpose of rebutting the defendant's claim that he was at his girlfriend's apartment at the time of the shooting and was not present at a party held near the location of the incident (see People v Harris, 98 NY2d 452, 489; People v Portis, 141 AD2d 773, 774).
The record reveals that the sentence imposed upon the defendant's retrial was not the product of institutional vindictiveness nor violative of his right to due process (see People v Martinez, 26 NY3d 196, 199; People v Ocampo, 52 AD3d 741, 742). Moreover, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are unpreserved for appellate review (see CPL 470.05[2]) and, in any event, without merit or do not warrant reversal.
RIVERA, J.P., DILLON, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court