People v Anarbaev (2021 NY Slip Op 05578)





People v Anarbaev


2021 NY Slip Op 05578


Decided on October 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2018-00206
 (Ind. No. 57/13)

[*1]The People of the State of New York, respondent,
v
Adiljan Anarbaev, appellant.


Patricia Pazner, New York, NY (De Nice Powell of counsel), for appellant.
Eric Gonzalez, Special District Attorney, Brooklyn, NY (Leonard Joblove and Dmitriy Povazhuk of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (William E. Garnett, J.), rendered November 27, 2017, convicting him of murder in the second degree, burglary in the first degree (two counts), and aggravated criminal contempt, after a nonjury trial, and sentencing him to an indeterminate term of imprisonment of 25 years to life on the conviction of murder in the second degree, a determinate term of imprisonment of 10 years to be followed by a period of postrelease supervision of 5 years on each conviction of burglary in the first degree, and an indeterminate term of imprisonment of 2&frac13; to 7 years on the conviction of aggravated criminal contempt, with the sentences imposed on the convictions of burglary in the first degree and aggravated criminal contempt to run concurrently with each other, and consecutively to the sentence imposed on the conviction of murder in the second degree.
ORDERED that the judgment is modified, on the law, by providing that the sentences imposed on the conviction of burglary in the first degree under count 2 of the indictment and aggravated criminal contempt shall run concurrently with the sentence imposed on the conviction of murder in the second degree; as so modified, the judgment is affirmed.
Contrary to the defendant's contention, the Supreme Court's determination that he failed to prove by a preponderance of the evidence that he was acting "under the influence of extreme emotional disturbance for which there was a reasonable explanation or excuse" when he stabbed and killed his wife was not against the weight of the evidence (Penal Law § 125.25[1][a][i]; see Penal Law § 125.20[2]; People v Roche, 98 NY2d 70, 75-76; People v Casassa, 49 NY2d 668; People v Colon, 142 AD3d 1100, 1101). Considering the evidence presented, including the conflicting expert testimony, the court reasonably concluded that the circumstances surrounding the commission of the crime were not indicative of a loss of self-control or similar mental infirmity (see People v Colon, 142 AD3d at 1101; People v Kwas, 96 AD3d 877, 877-878; People v Ayala, 221 AD2d 457). Accordingly, there is no basis to disturb the court's rejection of the defendant's affirmative defense of extreme emotional disturbance.
The defendant's contention that the prosecution's expert witness impermissibly relied upon hearsay evidence in arriving at his opinion is unpreserved for appellate review (see People v Graves, 85 NY2d 1024, 1027; People v Hernandez, 166 AD3d 647, 648), and, in any event, without [*2]merit (see People v Hernandez, 166 AD3d at 648; Holshek v Stokes, 122 AD2d 777, 779).
As the People correctly concede, the sentences imposed on the convictions of burglary in the first degree premised upon the infliction of physical injury to a non-participant to the crime (Penal Law § 140.30[2]) and aggravated criminal contempt (Penal Law § 215.52[1]), counts 2 and 4 of the indictment, respectively, were each required to run concurrently with the sentence imposed on the conviction of murder in the second degree, count 1 of the indictment, as the physical injury element of the aforementioned crimes is subsumed in the act of causing death (see Penal Law § 70.25[2]; People v Brahney, 29 NY3d 10, 16). Consecutive sentences were permissible, however, for the conviction of burglary in the first degree premised upon the use, or threatened use, of a dangerous instrument (Penal Law § 140.30[3]), count 3 of the indictment, and the sentence imposed upon the conviction of murder in the second degree, since these two crimes do not share, by definition, an overlapping actus reus (see People v Brahney, 29 NY3d at 16). Contrary to the defendant's contention, concurrent sentences were not mandated simply because the sentences made to run consecutively to each other were each required to run concurrently with the other sentences imposed (see People v Colon, 189 AD3d 873, 875; People v Rodriguez, 112 AD3d 488, 489, affd 25 NY3d 238; People v Riley, 309 AD2d 879, 881).
The sentences imposed were not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
MASTRO, J.P., MILLER, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court