People v Hobson (2023 NY Slip Op 05149)

People v Hobson

2023 NY Slip Op 05149

Decided on October 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
CHERYL E. CHAMBERS
JANICE A. TAYLOR, JJ.

2022-01408
 (Ind. No. 328/19)

[*1]The People of the State of New York, respondent,
v
Anthony Hobson, appellant.

Rosenberg Law Firm, Brooklyn, NY (Jonathan Rosenberg of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Ellen C. Abbot, and Charles T. Pollak of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Michael Aloise, J.), rendered February 17, 2022, convicting him of murder in the second degree, tampering with physical evidence, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the jury's determination that he failed to prove by a preponderance of the evidence that he was "act[ing] under the influence of extreme emotional disturbance for which there was a reasonable explanation or excuse" when he stabbed and killed his pregnant girlfriend was not against the weight of the evidence (Penal Law § 125.25[1][a]; see Penal Law § 25.00[2]; People v Anarbaev, 198 AD3d 802, 802; People v Kwas, 96 AD3d 877, 877; People v Venezia, 10 AD3d 736, 736). Considering the evidence presented, the jury reasonably concluded that the circumstances surrounding the commission of the crime were not indicative of a loss of self-control or similar mental infirmity (see People v Anarbaev, 198 AD3d at 802-803; People v Kwas, 96 AD3d at 877; People v George, 7 AD3d 810, 810).
The defendant's contention that his conviction of tampering with physical evidence was based on legally insufficient evidence is unpreserved for appellate review (see CPL 470.05[2]; People v Stone, 185 AD3d 967, 968), and, in any event, is without merit (see People v Hafeez, 100 NY2d 253, 260, abrogated on other grounds by People v Feingold, 7 NY3d 288; People v Roth, 174 AD3d 1530, 1531; People v Bussey, 82 AD3d 1002, 1004, affd as mod, 19 NY3d 231; cf. People v Zachary, 179 AD3d 722, 725). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the verdict of guilty of tampering with physical evidence was not against the weight of the evidence (see People v Romero, 7 NY3d 633; cf. People v Tromans, 177 AD3d 1103, 1106).
The defendant's contention that the Supreme Court deprived him of his constitutional right to present a defense by denying that branch of his motion which was to allow a defense expert to testify remotely is unpreserved for appellate review, as he did not raise that contention at trial (see CPL 470.05[2]; People v Angelo, 88 NY2d 217, 222; People v Jimenez, 148 AD3d 1054, 1055; People v Haddock, 79 AD3d 1148, 1149), and we decline to review it pursuant to our interest of justice jurisdiction.
The defendant's challenge to the Supreme Court's charge on the elements of the offense of criminal possession of a weapon in the fourth degree is unpreserved for appellate review (see CPL 470.05[2]), and we decline to review it pursuant to our interest of justice jurisdiction (People v Grant, 152 AD3d 792, 793; People v Belle, 113 AD3d 630, 631).
The defendant's contention that the Supreme Court's handling of a certain jury note resulted in the commission of a mode of proceeding error requiring reversal (see People v O'Rama, 78 NY2d 270) is without merit, as the jury was not requesting further information or instruction within the meaning of CPL 310.30 (see People v Edwards, 208 AD3d 510, 515, citing People v Morrison, 148 AD3d 1707, 1708, affd 32 NY3d 951), and, in any event, defense counsel was "not prevented from objecting or from participating meaningfully" (People v Mack, 27 NY3d 534, 542). The defendant's remaining contentions in that regard are not preserved for appellate review and, in any event, are without merit.
The defendant's contention that he was deprived of a fair trial as a result of a certain remark made by the prosecutor during summation is unpreserved for appellate review (see CPL 470.05[2]), as the defendant made only a general one-word objection and he failed to request additional relief when the Supreme Court sustained his objection (see People v Adorno, 210 AD3d 113, 119-120; People v Rodney, 96 AD3d 880, 880). Moreover, the defendant's belated motion for a mistrial did not give the court the opportunity to further remedy the alleged error (see People v Balls, 69 NY2d 641, 642; People v Adorno, 210 AD3d at 122; People v Rodney, 96 AD3d at 880). In any event, although the remark would have been better left unsaid, it was not so egregious as to have deprived the defendant of a fair trial (see People v Reid, 212 AD3d 845, 846; People v Holiday, 207 AD3d 658, 660).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
LASALLE, P.J., CONNOLLY, CHAMBERS and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court