23-357-pr
Lloyd v. Morton

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of September, two thousand twenty-four.

PRESENT:  JON O. NEWMAN,
                JOHN M. WALKER, JR.
                RAYMOND J. LOHIER, JR.,
                     *Circuit Judges*.

-----------------------------------------------------------------

DERRICK LLOYD,

     *Petitioner-Appellant*,

    v.                                                                    No. 23-357-pr

ROBERT MORTON,

     *Respondent-Appellee*.

-----------------------------------------------------------------

FOR APPELLANT:              Lawrence Gerzog, Law Offices
                           of Lawrence Gerzog, New
                           York, NY

FOR APPELLEE:              Leonard Joblove, Amy
                           Appelbaum, Terrence F.
                           Heller, Assistant District
                           Attorneys, Kings County
                           District Attorney's Office,
                           Appeals Bureau, Brooklyn, NY

Appeal from a judgment of the United States District Court for the Eastern District of New York (William F. Kuntz, II, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Derrick Lloyd appeals from a judgment of the United States District Court for the Eastern District of New York (Kuntz, *J.*) denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Lloyd argues that during his state court trial, the Kings County District Attorney's Office engaged in prosecutorial misconduct, resulting in his conviction in violation of his due process rights. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Following a state jury trial in 2016, Lloyd was convicted of murder in the second degree and criminal possession of a weapon in the third degree. On direct appeal he argued that the Government engaged in prosecutorial misconduct by asking race-based questions in its cross-examination of a defense witness and by making improper arguments in its summation. The New York Appellate Division rejected those arguments as unpreserved for appellate review and in the alternative concluded that they were without merit or did not warrant reversal. *People v. Lloyd*, 128 N.Y.S.3d 567, 569 (2d Dep't 2020).

Lloyd petitioned for a writ of habeas corpus, reiterating the arguments that he made to the Appellate Division. The District Court concluded that while Lloyd had preserved his challenge to the prosecutor's cross-examination, the Appellate Division's alternative holding that this argument lacked merit was not contrary to or an unreasonable application of federal law. The District Court further concluded that Lloyd was procedurally barred from challenging the Government's summation because he had not preserved that argument for appellate review. On *de novo* review, *see Scrimo v. Lee*, 935 F.3d 103, 111 (2d Cir. 2019), we affirm.

"A federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule." *Garner v. Lee*, 908 F.3d 845, 859 (2d Cir. 2018) (cleaned up). "[W]hen a state court says that a claim is not preserved for appellate review but then rules in any event on the merits, such a claim is [still] procedurally defaulted." *Green v. Travis*, 414 F.3d 288, 294 (2d Cir. 2005) (quotation marks omitted).

Here, the Appellate Division rejected Lloyd's prosecutorial misconduct claims based on a state procedural rule: New York's contemporaneous objection rule. *Lloyd*, 128 N.Y.S.3d at 569; *see also* N.Y. C.P.L. § 470.05(2). This rule requires that "a defendant specify the grounds of alleged error in sufficient detail so that the trial court may have a fair opportunity to rectify any error." *Garvey v. Duncan*, 485 F.3d 709, 715 (2d Cir. 2007). A "general objection is not sufficient to preserve an issue since such would not alert the court to defendant's position." *Id.* at 714; *see People v. Tevaha*, 84 N.Y.2d 879, 881 (1994) (holding that "[t]he word 'objection' alone [i]s insufficient to preserve [an] issue" for appellate review). Moreover, if the trial court sustains an objection, to preserve the issue for appellate review the defendant must move for a mistrial or curative instructions

4

on the specific grounds later raised on appeal. *See People v. Weston*, 56 N.Y.2d 844, 846 (1982).

The Appellate Division correctly determined that Lloyd failed to preserve for appellate review his claims of prosecutorial misconduct during cross-examination and summation. During the challenged cross-examination, Lloyd's counsel lodged general objections to the prosecutor's questions regarding the racial makeup of the jury but failed to specify the basis for the objections. The judge overruled counsel's general objections but then sustained its own objection to the prosecutor's question regarding the race of the victim. And after cross-examination, Lloyd's counsel moved for a mistrial based on a set of questions from the prosecutor about Lloyd's dissatisfaction with his lawyer, but failed to move for a mistrial based on the prosecutor's questions regarding the racial composition of the jury or the race of the victim. Lloyd's counsel likewise lodged several general objections during the prosecution's summation without specifying the basis for those objections.[1] In sum, Lloyd never alerted

---

[1] Lloyd's counsel made one specific objection during the summation: to the prosecutor's statement implying that one of the defense witnesses had discussed the trial proceedings with Lloyd prior to her testimony. On direct appeal, however, Lloyd's counsel did not challenge this particular statement. This specific challenge to the prosecutor's summation "is therefore both unexhausted and procedurally defaulted." *Hawthorne v. Schneiderman*, 695 F.3d 192, 197 (2d Cir. 2012).

the trial court to the specific errors he raised on appeal to the Appellate Division: the race-based cross-examination and the prosecution's allegedly improper arguments in summation.

The Appellate Division thus relied on New York's contemporaneous objection rule to reject Lloyd's prosecutorial misconduct arguments. We have held that the contemporaneous objection rule is "firmly established and regularly followed," and is an adequate and independent state law ground for decision. *Downs v. Lape*, 657 F.3d 97, 104 (2d Cir. 2011); *see Green*, 414 F.3d at 294.

It's true that the "exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question." *Lee v. Kemna*, 534 U.S. 362, 376 (2002); *see Cotto v. Herbert*, 331 F.3d 217, 240 (2d Cir. 2003). But the Appellate Division's application of the contemporaneous objection rule in Lloyd's case was hardly "exorbitant." *Garvey*, 485 F.3d at 719. To the contrary, New York law "indicate[s] that compliance with the rule was demanded in the specific circumstances" of Lloyd's trial. *Id.* (quotation marks omitted); *see, e.g., People v. Hobson*, 198 N.Y.S.3d 709, 711 (2d Dep't 2023); *People v. Balls*, 69 N.Y.2d 641, 642 (1986). "[D]emanding perfect compliance with the rule . . . serve[s] a legitimate governmental interest" — namely, giving the trial court

"the first opportunity to rule on and possibly rectify any alleged legal error."

*Garvey*, 485 F.3d at 719–20 (quotation marks omitted). Yet Lloyd did not even

"substantially compl[y] with the rule." *Id.* at 719 (quotation marks omitted). By

failing to make substantive objections, and by failing to move for a mistrial on

the specific grounds raised on appeal,[2] Lloyd did not put the trial court on notice

of his specific challenges or provide it an opportunity to remedy any misconduct.

We have considered Lloyd's remaining arguments and conclude that they

are without merit. For the foregoing reasons, the judgment of the District Court

is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] We therefore reject the District Court's conclusion that the Appellate Division exorbitantly applied the contemporaneous objection rule with respect to Lloyd's cross-examination challenge. The District Court erroneously determined that Lloyd's mistrial motion based on the prosecutor's questions regarding Lloyd's satisfaction with his attorney preserved Lloyd's separate challenge on appeal to the prosecutor's race-based questions regarding the jury and the victim.