People v Ashley (2026 NY Slip Op 00143)

People v Ashley

2026 NY Slip Op 00143

Decided on January 14, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 14, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
DEBORAH A. DOWLING
JAMES P. MCCORMACK, JJ.

2018-07317
 (Ind. No. 7867/16)

[*1]The People of the State of New York, respondent,
vBeresford Ashley, appellant.

Patricia Pazner, New York, NY (Yvonne Shivers and Russ Altman-Merino of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Julian Joiris, and Simcha Engelen of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ruth Shillingford, J.), rendered April 25, 2018, convicting him of murder in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, after a jury trial, of murder in the second degree and criminal possession of a weapon in the fourth degree, stemming from an attack against the decedent, his wife.
The defendant's contention that the Supreme Court erred by failing to submit to the jury the crime of manslaughter in the first degree as a lesser included offense of murder in the second degree is without merit. "A court 'may, in addition to submitting the greatest offense which it is required to submit, submit in the alternative any lesser included offense if there is a reasonable view of the evidence which would support a finding that the defendant committed' the lesser but not the greater offense" (People v Hull, 27 NY3d 1056, 1058, quoting CPL 300.50[1]; see People v Greene, 111 AD2d 183, 184). "It is undisputed that manslaughter in the first degree is a lesser included offense of second-degree murder within the meaning of CPL 1.20(37)," therefore, "the question simply is whether on any reasonable view of the evidence it is possible for the trier of the facts to acquit the defendant on the higher count and still find him guilty on the lesser one" (People v Hull, 27 NY3d at 1058 [emphasis and internal quotation marks omitted]; see People v Cooper, 237 AD3d 845).
Here, the evidence at trial demonstrated that the defendant stabbed the decedent approximately 18 times, including in the heart and lungs, and that her throat was cut so deeply that she was nearly decapitated. Viewing the evidence in the light most favorable to the defendant (see People v Rivera, 23 NY3d 112, 120), there was no reasonable view of the evidence to support a finding that the defendant committed the lesser offense of manslaughter in the first degree but not the greater offense of murder in the second degree (see People v Cooper, 237 AD3d 845; People v Crawford, 163 AD3d 986, 988; People v Alexis, 65 AD3d 1160, 1160).
The Supreme Court providently exercised its discretion in declining to instruct the jury on the affirmative defense of extreme emotional disturbance. "A defendant who proves by a preponderance of the evidence that the homicide was committed while 'under the influence of extreme emotional disturbance for which there was a reasonable explanation or excuse' will be guilty of first-degree manslaughter rather than second-degree murder" (People v Diaz, 15 NY3d 40, 45, quoting Penal Law § 125.25[1][a]; see People v Gonzalez, 22 NY3d 539, 544-545). The defense "must be supported by proof that the defendant suffered from a mental infirmity not rising to the level of insanity at the time of the homicide, typically manifested by a loss of self-control" (People v Colon, 142 AD3d 1100, 1101; see People v Smith, 1 NY3d 610, 612). "It requires evidence of a subjective element, that [the] defendant acted under an extreme emotional disturbance, and an objective element, that there was a reasonable explanation or excuse for the emotional disturbance" (People v Diaz, 15 NY3d at 45 [internal quotation marks omitted]; see People v Colon, 142 AD3d at 1101).
Viewing the evidence in the light most favorable to the defendant, there was insufficient evidence for the jury to find by a preponderance of the evidence that he acted under an extreme emotional disturbance (see People v Smith, 1 NY3d at 612; People v Iqbal, 147 AD3d 782, 783) or that there was a reasonable explanation or excuse for the alleged extreme emotional disturbance (see People v McDonald, 199 AD2d 420, 420).
The defendant additionally contends that he was deprived of his right to a fair trial because the Supreme Court prevented defense counsel from making certain comments during his closing statement. Defense counsel has the right "to comment upon every pertinent matter of fact bearing upon the questions the jury have to decide," and "counsel is to be afforded the widest latitude by way of comment, denunciation or appeal in advocating his [or her] cause" (People v Ashwal, 39 NY2d 105, 109 [internal quotation marks omitted]; see People v Valdes, 291 AD2d 513, 514). However, counsel's privilege to comment on summation "can never operate as a license to state to a jury facts not in evidence or to argue theories for which there is absolutely no evidentiary support" (People v Smith, 16 NY3d 786, 787-788 [citation and internal quotation marks omitted]; see People v Ashwal, 39 NY2d at 109).
Here, the Supreme Court providently exercised its discretion when it precluded defense counsel from making certain arguments during summation, as those arguments were speculative and not supported by evidence in the record (see People v Smith, 16 NY3d at 788; People v Abrams, 231 AD3d 963, 965; People v Herrera, 161 AD3d 1006, 1006).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., IANNACCI, DOWLING and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court