People v Bobbitt

2026 NY Slip Op 02128

April 8, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,

v

John Bobbitt, also known as "Black," appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 8, 2026

2023-05257, (Ind. No. 70275/20)

Angela G. Iannacci, J.P.

Deborah A. Dowling

Lourdes M. Ventura

Donna-Marie E. Golia, JJ.

Hegge & Confusione, LLC, New York, NY (Michael Confusione of counsel), for appellant.

Susan Cacace, District Attorney, White Plains, NY (Jill Oziemblewski and Steven A. Bender of counsel), for respondent.

[*1]

DECISION & ORDER

Appeal by the defendant from a judgment of the County Court, Westchester County (Robert A. Neary, J.), rendered May 19, 2023, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

ORDERED that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his convictions is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492; People v Spencer, 244 AD3d 1254, 1255). In any event, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621), we find that the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Li, 34 NY3d 357, 363; People v Danielson, 9 NY3d 342, 349). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d at 349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643-644).

Contrary to the defendant's contention, the County Court did not err in failing to submit to the jury the crime of manslaughter in the first degree as a lesser included offense of murder in the second degree. "'A court may, in addition, to submitting the greatest offense which it is required to submit, submit in the alternative any lesser included offense if there is a reasonable view of the evidence which would support a finding that the defendant committed the lesser but not the greater offense'" (People v Ashley, 245 AD3d 732, 733 [internal quotation marks omitted], quoting People v Hull, 27 NY3d 1056, 1058; see CPL 300.50[1]). Here, viewing the evidence in the light most favorable to the defendant (see People v Rivera, 23 NY3d 112, 122), there was no reasonable view of the evidence that would support a finding that the defendant committed the lesser offense of manslaughter in the first degree but not the greater offense of murder in the second degree (see People v Cooper, 237 AD3d 844, 845; People v Bonich, 208 AD3d 679, 681).

The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).

IANNACCI, J.P., DOWLING, VENTURA and GOLIA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court